UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS D. YOUNG and
FREDA YOUNG,

      Plaintiffs,

                                        Case No. 1:06-cv-387

v

                                        Hon. Wendell A. Miles

JUDGE CALVIN L. BOSMAN,
individually and in his capacity as
Circuit Court Judge in Grand Haven,
County of Ottawa, State of Michigan,

      Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION FOR DISMISSAL

      Plaintiffs Thomas D. Young and Freda Young, appearing *pro se*, filed this civil rights action against defendant Calvin L. Bosman, a Circuit Judge in Ottawa County, Michigan. The case is currently before the court on a motion by Judge Bosman for dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim (docket no. 4). Plaintiffs have not responded to the motion.

      For the reasons to follow, the court GRANTS the motion.

## Discussion

      Although the complaint is rife with conclusions and largely empty of facts, it appears that plaintiffs' claims arise from a proceeding filed by Jamestown Charter Township against plaintiffs in Ottawa County Circuit Court. The action was assigned to Judge Bosman. It is not known whether the action is still pending or has concluded. What is clear is that plaintiffs are

not satisfied with Judge Bosman's handling of the action.  Their complaint filed in this federal

court action seeks a vague declaratory judgment that Judge Bosman's actions "are arbitrary and

capricious, and do not represent the exercise of reasonable discretion granted by law."

Complaint at 9.

Judge Bosman seeks dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

Fed.R.Civ.P. 12(b)(6) permits a district court to dismiss a plaintiff's complaint for "failure to

state a claim upon which relief can be granted."  A motion under the rule may be granted only

when it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her

claim that would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99,

102 (1957); Miller v. Currie, 50 F.3d 373, 377 (6th Cir.1995).  In deciding a motion under Rule

12(b)(6), the court accepts all of the allegations as true and construes the complaint "liberally in

favor of the party opposing the motion."  Miller, 50 F.3d at 377.  A district court need not,

however, accept as true legal conclusions or unwarranted factual inferences.  Michigan Paytel

Joint Venture v. City of Detroit, 287 F.3d 527, 533 (6th Cir. 2002); Gregory v. Shelby County,

220 F.3d 433, 446 (6th Cir.2000).  "To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6),

a complaint must contain either direct or inferential allegations respecting all the material

elements to sustain recovery under *some* viable legal theory."  Begala v. PNC Bank, Ohio, Nat'l

Assn., 214 F.3d 776, 779 (6th Cir. 2000) (emphasis in original; internal quotations and citation

omitted).

Although Judge Bosman invokes Fed.R.Civ.P. 12(b)(6) in support of his motion, he

asserts as grounds for dismissal both judicial immunity and Eleventh Amendment immunity.

The latter is, of course, a sovereign immunity defense which – if it applies – would result in a

non-merits dismissal, not a dismissal for failure to state a claim.  As a Sixth Circuit panel

recently noted, that court has not "spoken with one voice on whether we must, or whether we

may, resolve a sovereign-immunity defense before addressing the merits."  Nair v. Oakland

County Community Mental Health Authority, 443 F.3d 469, 474 (6th Cir. 2006).

Whatever the proper order for addressing a sovereign immunity defense, in this case the

alternative defense asserted by Judge Bosman – judicial immunity – does not dispose of the case.

Although a judge is absolutely immune from damages liability for his judicial acts when sued

under 42 U.S.C. § 1983, Stump v. Sparkman, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106 (1978), the

plaintiffs in this action have made no claim for damages.  Instead, they seek only declaratory

relief.  However, declaratory relief is not barred by the doctrine of judicial immunity. Sevier v.

Turner, 742 F.2d 262, 269 (6th Cir. 1984).  Therefore, Judge Bosman's assertion of judicial

immunity does not resolve the case, making it necessary for this court to address the question of

Eleventh Amendment immunity.

The Eleventh Amendment to the Constitution reads as follows:

> The Judicial power of the United States shall not be construed to extend to any
> suit in law or equity, commenced or prosecuted against one of the United States
> by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  The Supreme Court has long read the amendment to mean "that an

unconsenting State is immune from suits brought in federal courts by her own citizens as well as

by citizens of another State."  Nelson v. Miller, 170 F.3d 641, 646 (6th Cir.1999) (quoting

Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347 (1974)).  Nevertheless,

courts have recognized that there is no Eleventh Amendment bar in three

3

instances:  (1) where the state has consented to suit;  (2) where the application of
Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), and its
progeny is appropriate; or  (3) where Congress has abrogated the state's
immunity.

Nelson, 170 F.3d at 646.  Because the state has not consented to suit and Congress has not

abrogated the state's immunity, the court will proceed to address the Ex parte Young exception.

In Ex parte Young, the Supreme Court created an exception to the Eleventh Amendment

for suits seeking equitable or declaratory relief against state officials.  The reasoning behind the

Ex parte Young exception is that "a suit challenging the constitutionality of a state official's

action in enforcing state law is not one against the State."  Green v. Mansour, 474 U.S. 64, 68,

106 S.Ct. 423, 426 (1985) (citation omitted).  However, the Ex parte Young exception has been

narrowly construed, in accordance with its rationale.  The exception is, for example, limited to

allegations that state officials violated federal rather than state law. Pennhurst State School &

Hospital v. Halderman, 465 U.S. 89, 106, 104 S.Ct. 900, 911 (1984); Lee v. Western Reserve

Psychiatric Habilitation Center, 747 F.2d 1062, 1066 (6th Cir. 1984).  In addition, where a

plaintiff seeks only to rectify a past wrong and there is no claimed continuing violation of federal

law, declaratory relief is not available.  Green, 474 U.S. at 73-74, 106 S.Ct. at 428-429.

In this case, plaintiffs allege only that Judge Bosman acted in violation of state laws and

abused his discretion.  They do not allege facts establishing a violation of the United States

Constitution or any federal laws.  Ex parte Young is therefore inapplicable here, and plaintiffs'

claims in this federal action are barred by the Eleventh Amendment.

## **<u>Conclusion</u>**

Plaintiffs' claims in this action are barred by the Eleventh Amendment.  Defendant's

motion is therefore GRANTED and this action is dismissed.

So ordered this 24th day of August, 2006.


<u> /s/ Wendell A. Miles</u>
Wendell A. Miles
Senior U.S. District Judge